WEAVER, J.
(concurring in the result only). I concur in the majority’s holding that, if the constructive entry doctrine were to be adopted in Michigan, defendant Gillam would not be able satisfy the requirements of the *267 doctrine under the facts of this case. I write separately to offer a different analysis, truer to the purpose of the Fourth Amendment of the United States Constitution, with regard to why the constructive entry doctrine does not apply in this case.
The constructive entry doctrine is derived from the Fourth Amendment, which protects the right of people to be secure in their homes. US Const, Am IV The Fourth Amendment provides:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. [Id.]
In the context of arrests, the United States Supreme Court has established that under the Fourth Amendment, a warrant is required before the police can enter a home to arrest a person, absent any exigent circumstances. Payton v New York, 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980). In Payton, the Court stated that “the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.” Id.
While the holding in Payton protects people’s Fourth Amendment rights in situations where the police physically enter a home, some courts have expanded on Payton to provide Fourth Amendment protection when the actions of the police lead to a constructive entry of a home. The constructive entry doctrine has been adopted by several federal circuit courts of appeals, including the Sixth Circuit Court of Appeals, to deal *268 with situations in which a person was arrested outside his or her home after police conduct compelled that person to leave the home.[1]
Both the majority and the dissent characterize the constructive entry doctrine as applying when a person is arrested after the police use coercive[2] conduct that would compel a reasonable person to comply with the police and leave his or her home. I generally agree with this characterization, but I find that the Fourth Amendment requires an application of the doctrine that focuses on police conduct with regard to crossing the threshold of the home rather than a person’s belief that he or she must comply with an officer’s request to leave his or her home. Any application that places more emphasis on a person’s compliance with an officer’s request, and less emphasis on the Fourth Amendment’s protection of the home, undermines the Fourth Amendment and creates too broad of a doctrine. In applying the constructive entry doctrine, one should look to the facts of the case only to determine whether the police compelled the person into leaving his or her home by a show of force or threats to cross the threshold into the person’s home.
The majority and the dissent argue over whether the facts of this case show that the police created an excited atmosphere that would have compelled defendant to leave his apartment. The more relevant question regarding constructive entry is whether the police actually displayed a show of force or made threats that *269 would lead a reasonable person to believe that if defendant did not come out of his apartment, the arresting officers would actually cross the threshold of the apartment to retrieve him.
Under the facts of this case, there appears to be no way in which the actions of the police could lead a reasonable person to believe that the police would have crossed the threshold of the apartment to arrest defendant. According to the testimony of defendant and the arresting officers, the only actions of the police were to approach defendant’s apartment and ask him to come out.[3] Any other facts that relate to the atmosphere surrounding the arrest and whether defendant believed he needed to leave his apartment at the request of the police are not as relevant as the actions of the police under the test for constructive entry as stated above.[4] *270 Because this case lacks any fact showing that the police made a show of force or threatened to enter defendant’s apartment, the constructive entry doctrine need not be applied in this case. Thus, I concur in the result reached by the majority.

 See United States v Morgan, 743 F2d 1158, 1166 (CA 6, 1984); Sharrar v Felsing, 128 F3d 810, 819 (CA 3, 1997); United States v AlAzzawy, 784 F2d 890, 893 (CA 9, 1985); United States v Maez, 872 F2d 1444, 1450 (CA 10, 1989).

 To coerce is to compel by force or threat. Black’s Law Dictionary (7th ed).

 Although there were several police officers standing outside defendant’s door, and they asked defendant to come out even after he first refused, these facts do not show that the police at any time threatened to enter defendant’s apartment to arrest him. Absent any condition indicating that the officers would enter the apartment, the number of officers present outside defendant’s apartment is not relevant to the issue: one police officer or ten police officers could enter into an apartment to arrest someone.

 Although the majority and the dissent state that the presence of defendant’s tether may have contributed to a coercive environment, my test does not give much weight to the environment surrounding the arrest. Because the focus should be on the actions of the police and whether the police acted with a show of force or threat to invade the home, the presence of the tether and defendant’s reasonable belief that his tether restricted him to stay in his apartment does not factor into any decision regarding constructive entry. Rather, if the tether were to factor into the Fourth Amendment analysis of this case, the presence of the tether may actually reduce defendant’s subjective and objective expectation of privacy in his home under the Fourth Amendment. See United States v Smith, 457 F Supp 2d 802 (ED Mich, 2006). The tether allows the police to monitor his movements at all times, including when he is in his home. If the police had improperly entered defendant’s apartment, such entry would necessitate an analysis of defendant’s expectation of privacy *270 under the Fourth Amendment. However, because the police did not improperly enter defendant’s home, constructively or otherwise, an analysis of defendant’s expectation of privacy is not necessary.